## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOHNATHAN ARCHILLE**                                              **CIVIL ACTION**

**VERSUS**

                                                                    **24-527-BAJ-RLB**

**CITY OF JACKSON, ET AL**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 7October 10, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNATHAN ARCHILLE                                            CIVIL ACTION

VERSUS

                                                             24-527-BAJ-RLB

CITY OF JACKSON, ET AL

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate currently confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 complaining that his constitutional rights were violated while housed at Dixon Correctional Institute, due to deliberate indifference to his serious medical needs and retaliation. He seeks monetary relief.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## Plaintiff's Allegations

In his Complaint, Plaintiff alleges the following: On August 15, 2023, while being forced to work outside in the excessive heat, the plaintiff injured his right big toe. The toe was split, and half of the toenail was damaged. The toe bled for almost 2 hours after being injured and the plaintiff suffered intense pain for about 7 hours after the injury.

The plaintiff was seen by defendant Bringedahl who prescribed him Ketorolac and Ibuprofen. These medications are contraindicated and as a result of taking them at the same time, the plaintiff suffered severe gastrointestinal distress that affected his sleeping and eating for approximately one month. The plaintiff filed a medical request regarding his stomach issues and defendant Bringedahl directed defendant Nurse Wells to give the plaintiff Pepto-Bismol.

The plaintiff's injured toe continued hurt despite treatment and it was difficult for him to put shoes on, work, walk, sleep and shower. Upon filing a grievance regarding his medical care, the plaintiff was transferred by defendant Beckam, in retaliation, to Catahoula Detention Center

which is the second worst prison in Louisiana where inmates are known to be battered and

stabbed.

Dixon maintained a policy of widespread practices to deny inmates medical treatment.

Defendant Dr. Toce adopted and maintained this policy and failed to supervise the medical care

at Dixon. Defendant City of Jackson is responsible for the policy maintained by defendant Dr.

Toce. Defendant Warden Beckham also failed to supervise the medical care at Dixon.

## Deliberate Indifference

A prison official violates the Eighth Amendment's prohibition of cruel and unusual

punishment if the official shows deliberate indifference to a prisoner's serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an

excessive risk to inmate health or safety" and "be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837

(1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a

claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A

prisoner who disagrees with the course of treatment or alleges that he should have received

further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of

Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison

officials denied him treatment, purposefully provided him improper treatment, or ignored his

medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was

the result of the prison official's deliberate indifference and substantial harm—including

suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The documents attached to the plaintiff's Complaint reveal the following: Plaintiff was seen for his injured toe by defendant Bringedahl on August 21, 2023. Defendant Bringedahl entered a No Duty status for the plaintiff and recommended bed rest until August 26, 2023. The plaintiff was also prescribed Ketorolac with instructions to take this medication by mouth three times per day for five days. The plaintiff was also prescribed Ibuprofen, which he was to take as needed upon completion of the Ketorolac prescription. The instructions on the Ketorolac label specifically stated, "DO NOT TAKE IBUPROFEN WHILE TAKING KETOROLAC." The plaintiff was also verbally advised of the same. Labs were also drawn, and the plaintiff was prescribed arch supports.

Contrary to the instructions provided, the plaintiff began taking Ketorolac and Ibuprofen together resulting in his complained of stomach problems. On August 29, 2023, the plaintiff made a sick call but refused fecal occult blood testing, follow-ups, trips, and callouts. The sick call was reviewed by defendant Bringedahl who prescribed Pepto Bismol, by way of a telephone order to defendant Nurse Wells, and scheduled the plaintiff for a follow-up. It appears, however, that the plaintiff was transferred to Catahoula Correctional Center the same or next day and then subsequently to the East Baton Rouge Parish Prison. Therefore, he was not seen by defendant Bringedahl again.

As such, the plaintiff was not denied treatment or purposefully provided improper treatment, and his medical complaints were not ignored. Rather, the plaintiff merely disagrees with the course of treatment prescribed and alleges that he should have received further treatment. Such allegations do not raise a claim of deliberate indifference. Nor do claims of medical malpractice. Even if defendant Bringedahl had negligently prescribed contraindicated

medications[1], such an action would be medical malpractice rather than deliberate indifference. As such, the plaintiff has failed to state a claim against defendants Bringedahl or Wells for deliberate indifference to his serious medical needs.

**Personal Involvement**

As to defendants Beckham and Toce, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

In the instant matter, the plaintiff does not allege that defendants Warden Beckham or Dr. Toce were personally involved in his medical care. Rather, the plaintiff states in a conclusory

---

[1] The documents attached to the Complaint do not support that the medications were improperly prescribed. Rather, the plaintiff failed to follow the instructions for the medications and took them at the same time, contrary to the instructions provided.

fashion that these defendants maintained a policy to deny inmates medical treatment. The

plaintiff offers no factual allegations as to how this alleged wrongful policy deprived him of his

right to medical care. Instead, the facts discussed above show that the plaintiff was not denied

medical care at all. Rather, the plaintiff merely disagrees with the treatment provided.

As such, even if such a policy existed, the plaintiff has not alleged a constitutional

violation caused by the implementation of either of these defendants' policies and has failed to

state a claim against defendants Beckham and Toce for deliberate indifference to his serious

medical needs. Likewise, the plaintiff has failed to state a claim against defendant City of

Jackson who the plaintiff alleges has some responsibility for the allegedly deficient policies of

defendant Dr. Toce.

## Excessive Heat

Although exposure to extreme heat is actionable under certain circumstances, Plaintiff's

allegations in this case fall short of what is required to establish a constitutional violation,

particularly in the absence of any evidence of harm or medical complication. For example, in

*Johnson v. Texas Board of Criminal Justice*, 281 F. App'x. 319 (5th Cir. 2008), the United States

Court of Appeal for the Fifth Circuit upheld a dismissal, as frivolous, of an inmate plaintiff's

claims, finding that his allegations regarding extreme heat were "not sufficient to state a

constitutional claim" because although he alleged that temperatures were "sometimes

uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being

subjected to these conditions numerous times." *Id.* at 321. *See also Woods v. Edwards*, 51 F.3d

577, 581 (5th Cir. 1995) (upholding summary judgment in favor of the defendants where the

inmate plaintiff alleged that excessive heat at Camp J at LSP aggravated his medical condition

but where he "failed to present medical evidence of any significance" to support that assertion);

*Ventry v. Gusman*, 2012 WL 1405862, *7 (E.D. La. March 29, 2012) (dismissing as frivolous an inmate's claim regarding uncomfortably hot conditions of confinement where his allegations "[fell] short of what is required to establish a constitutional violation" and where his claim regarding the aggravation of his medical condition was "speculative at best"); *Clark v. Gusman*, 2012 WL 1825306, *6 (E.D. La. March 29, 2012) (same). Similarly, it has been held that purely conclusory allegations of excessive heat and inadequate ventilation, without more, fail to implicate a federal constitutional right. *See Johnson v. Thaler*, 1999 WL 1131941, *1 (5th Cir. Nov. 12, 1999) (concluding that the inmate plaintiffs' conclusory "allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"); *Parker v. Smith*, 1994 WL 198944, *2 (5th Cir. May 6, 1994) (upholding the frivolous dismissal of a plaintiff's claim that "the ventilation system in the Smith County jail [was] inadequate").

In the instant matter, Plaintiff alleges that he was forced to work outside on one or more days during a heat advisory but does not allege that he suffered any heat related injuries. Nor does Plaintiff allege aggravation of any medical condition. Instead, he alleges only an injury to his toe that was not related to the exposure to heat.[2] As such, the plaintiff's allegations to do not arise to the level of a constitutional violation in this regard.

### Retaliation

Turning to the plaintiff's retaliation claim asserted against defendant Warden Beckham, it is prohibited for prison officials to act against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

---

[2] Plaintiff stated that he injured his toe "on a stone." (R. Doc. 1-4 at 6).

Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

Undertaking the foregoing analysis, the Court finds that the plaintiff's retaliation claim against defendant Warden Beckham will survive this Court's initial review. The plaintiff alleges that he filed a grievance regarding his medical care on August 29, 2023, and was immediately transferred to Catahoula Correctional Center. Plaintiff alleges that this facility is the second worst in the state, and it is known that inmates have been stabbed and battered at this facility. As

such, the plaintiff has alleged a chronology of events from which retaliation may be plausibly

inferred.

However, a prisoner may not maintain a First Amendment action for compensatory

damages absent any physical injury, pursuant to 42 U.S.C. § 1997e(e)'s physical injury

requirement. *Geiger v. Jowers,* 404 F.3d 371, 374-75 (5th Cir. 2005). Plaintiff herein may

recover only nominal or punitive damages as he has not alleged any physical injury resulting

from the alleged retaliatory transfer. As such, his claim for compensatory damages must be

dismissed.

### Supplemental Jurisdiction

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to

invoke the supplemental jurisdiction of this court over potential state law claims, a district court

may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel

or complex issues of state law, if the claims substantially predominate over the claims over

which the district court has original jurisdiction, if the district court has dismissed all claims over

which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the

instant case, having recommended that all but one of the plaintiff's federal claims be dismissed,

the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over

any potential state law claims. It is further recommended that the plaintiff's claims for deliberate

indifference to his serious medical needs, exposure to excessive heat, and for compensatory

damages be dismissed, with prejudice, for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3] It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein regarding the plaintiff's remaining claim for retaliation, asserted against defendant Warden Beckham, for nominal and punitive damages.

       Signed in Baton Rouge, Louisiana, on October 10, 2024.

                          **RICHARD L. BOURGEOIS, JR.**
                          **UNITED STATES MAGISTRATE JUDGE**

---

[3] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."